OPINION
Defendants-appellants Robert and Cheryl Strawser ("the Strawsers") bring this appeal from the judgment of the Court of Common Pleas of Paulding County granting judgment in favor of plaintiff-appellee Village of Haviland ("Haviland").
On December 29, 1998, a fire to an adjoining building damaged the Strawser building. The adjoining building was later removed, but the Strawser building remained. No interior inspections have ever been completed on the Strawser building. On March 8, 1999, the Strawsers received notice, signed by the Mayor of Haviland and served by the Chief of Police, informing them that the Strawser building was in violation of Ordinance 95-8 of the Village of Haviland. The notice provided in pertinent part:
 Demand is hereby made that the repairs are to be made to such building, dwelling or structure so that such will be repaired in accordance with the requirements of all applicable governmental buildings and/or zoning codes or said structure is to be demolished.
 * * *
 Penalties for failure to comply with the notice shall be guilty of a misdemeanor of the fourth (4th) degree punishable by a fine that shall not exceed $250.00 per offense and a jail sentence of not more than 30 (thirty) days, for each offense. Any such violation shall constitute a separate offense on each successive day continued.
 The Strawsers took no action in response to the notice.
 On July 2, 1999, Haviland filed a complaint claiming that the Strawserbuilding was unsafe and unsanitary and thus a public nuisance that shouldbe condemned and razed. A trial was held on June 8, 2000, on thecomplaint. After Haviland rested its case, the Strawsers moved for adismissal on the grounds that Haviland had not met its burden of proof bynot proving that it complied with the procedural requirements of theordinance. This motion was denied. On January 18, 2001, the trial courtentered judgment in favor of Haviland finding the Strawser building to bea public nuisance and ordered the building to be demolished at theStrawsers' expense. It is from this judgment that the Strawsers appeal.
 The Strawsers raise the following assignments of error.
 The decision of the trial court granting judgment in favor of Haviland and ordering the demolition of the Strawser building constituted an error as a matter of law due to the failure of Haviland to follow the procedure required in its ordinance No. 95-8.
 The decision of the trial court granting judgment in favor of Haviland was against the manifest weight of the evidence and/or constituted an abuse of discretion by reason of the fact that Haviland failed to adduce sufficient evidence in several particulars necessary before the trial court could have ruled in its favor.
 The decision of the trial court granting judgment in favor of Haviland constitutes an error of law because the trial court failed to indicate what standard of proof it had relied upon in reaching its decision. In addition, the applicable statute of limitations had expired.
 The Strawsers claim in the first assignment of error that Haviland failed to comply with the requirements of ordinance 95-8. Village of Haviland Ordinance 95-8 states in pertinent part:
 SECTION III. Upon a determination by the Chief of Police of the Village of Haviland that any building, dwelling, or structure is in such an advanced state of disrepair by reason of defective electric wiring; accumulation of debris, filth, rubbish or garbage; general deterioration of the structure by reason of age, neglect, exposure to the elements or vandalism; failure of the exterior enclosure causing exposure to the elements or general deterioration or damage to the foundation, so as to endanger the health, safety, and welfare of the public, and is therefore a public nuisance, and thereafter, with the approval of a quorum of the Village Council, he shall direct the owner of such building, dwelling, or structure in writing by certified mail, at the last known address of said owner, to effect the repairs necessary to put the building in a reasonably safe condition * * *.
 Section III of the ordinance provides that before the chief of police sends notice of violation to a property owner about a violation, the chief's action will be approved by a quorum of city council members. At the trial, the chief of police testified that he had spoken with the members of council and that they told him to send the notice. Although there is no specific evidence that a quorum voted to send the notice, it does not appear that the Strawsers suffered any prejudice by this failure. The purpose of this provision of the ordinance would appear to be to place limits on the power of the chief of police to unilaterally decide to destroy someone's property and to provide notice to the property owner that repairs need to be made. Here, the Strawsers received notice that the Strawser building was not up to code and that repairs needed to be made. The Strawsers were also informed that they would appeal this decision to the city council, which they did not do. Once the appeals period had run, Haviland filed a complaint requesting that the building be torn down. The Strawsers received notice of the trial, attended the trial, and were permitted to present evidence that the building was not a public nuisance. Finally, no evidence was presented that the members of city council did not approve the chief of police's decision. Thus, it is our conclusion that Haviland substantially complied with the ordinance and any procedural errors were not prejudicial. The first assignment of error is overruled.
In the second assignment of error, the Strawsers argue that the trial court's decision was against the manifest weight of the evidence.
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547. Here, the fire marshal testified that the building looked dangerous from the outside. The chief of police testified that the west wall was leaning and that there was a hole in the roof. The photographs admitted into evidence supported their testimony. The trial court judge then went and viewed the building first hand. Given this evidence, the trial court concluded that the building posed a danger to the public. Upon review it is our conclusion that the trial court's decision was supported by some competent and credible evidence. Thus, the decision was not against the manifest weight of the evidence and the second assignment of error is overruled.
The third assignment of error raises the question of the appropriate burden of proof. The Strawsers claim that the trial court made its determination by a preponderance of the evidence when it should have used a reasonable doubt standard. We note that this case was brought under an ordinance, which seems to provide both criminal and civil remedies. However, at no time were any criminal sanctions requested or imposed upon the Strawsers. The sole remedies sought by Haviland and imposed by the court were civil in nature. Thus, if the ordinance permits a criminal cause of action, such a process was never initiated or otherwise invoked in this case. We find that the issue of whether the burden of proof should have been established beyond a reasonable doubt is not properly before us at this time. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Paulding County is affirmed.
WALTERS, P.J. and HADLEY, J., concur.